DANIEL N. BALLARD, ESQ. (CA SB #219223) (*pro hac vice*)
MICHELLE L. SAMONEK, ESQ. (CA SB #216001) (*pro hac vice*)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA 95814
Phone: 916.444.3900
Fax:    916.444.3249

BARRY L. BRESLOW, ESQ. (NSB #3023)
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, NV 89503
Phone: 775.329.3151
Fax:    775.329.7941

Attorneys for Defendants and Counterclaimants
Dorothy Tovar and Adrenaline Sports, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| R & R PARTNERS, a Nevada Corporation, and the LAS VEGAS CONVENTION AND VISITORS AUTHORITY,<br><br>                      Plaintiffs,<br><br>v.<br><br>DOROTHY TOVAR, an individual, and ADRENALINE SPORTS, INC.,<br><br>                      Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV-N-04-0145-LRH(PAL)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE** |

      Plaintiffs provided a table with evidence set out on the left and their objection to that evidence on the right. DOROTHY TOVAR and ADRENALINE SPORTS, INC. (collectively "Tovar") have reproduced the left column and transferred, for each category, the objection raised by Plaintiffs. Tovar's response to each objection is set out in the right column with appropriate authorities and explanation. As a general proposition, Plaintiffs have asserted patently inapplicable objections in a shotgun manner, no doubt hoping that something might be seen to have merit even if the vast majority of the objections are frivolous.

909539v2 32136/0009

Virtually every passage is said to be hearsay, for example, when a great many passages are not offered for the truth of the matter and cannot be hearsay under any definition. Fed. R. Evid. 801(c).

Statements of the declarant's own action or belief are said to be beyond the declarant's personal knowledge when, in fact, no person in the world has greater personal knowledge than the declarant who saw, did or said the pertinent matter. Fed. R. Evid. 602 (evidence to prove personal knowledge may consist of the declarant's own testimony); *Ostad v. Oregon Health Services University*, 327 F.3d 876, 886 (9th Cir. 2003) (testimony about one's own concerns is based on personal knowledge even if concerns arose from conversations with a third party); *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154 (9th Cir. 2000).

Statements by the individual who acted, spoke or believes do not lack foundation; the declarant is the very source of the foundation and the person with direct and actual knowledge. Fed. R. Evid. 602; *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). These and similar objections are entirely without merit and waste the time of the Court and the litigants to no legitimate end.

I.  **OBJECTIONS TO THE DECLARATION OF DOROTHY TOVAR IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
| --- | --- |
| "On the trip, as well as trips thereafter, we used the phrase "What Happens In Vegas Stays In Vegas" among ourselves. I used the phrase routinely, beginning in 1997, when returning from tradeshows and answering inquiries from friends and families about what happened while in Las Vegas. Using the phrase was a quick, catchy way to answer their questions without going into the details about the trip." Declaration of Dorothy Tovar in Support of Defendant's Motion for Summary Judgment (Tovar Declaration) ¶ 3.<br><br>**OBJECTIONS:** Plaintiffs object to Ms. Tovar's statements as inadmissible hearsay. Fed. R. Evid. 801. Plaintiffs also object to Ms. Tovar's testimony as irrelevant. Fed. R. Evid. 401. | Hearsay is defined in Federal Rules of Evidence 801(c) as "a statement, other than one made by the declarant" This passage sets out the declarant's own declaration as to statements she herself made beginning in 1997, why she made the statements and what she meant by them. Moreover, the phrase "What Happens In Vegas Stays In Vegas" is not stated for the truth of its content, as required by Rule 801(c). This passage is not hearsay under any definition.<br><br>This passage is directly relevant because a critical issue in this action is the timing of initial use of the pertinent slogan. |

MHA
Donough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "During the summer of 2002, 1 approached my business partner, Dennis Roediger, regarding the idea. Mr. Roediger didn't think it was an appropriate time to start investing the company's time and money into an additional product line and suggested that we focus selling our existing products." Tovar Declaration ¶ 4.<br><br>**OBJECTIONS:** Plaintiffs object to Ms. Tovar's statements as inadmissible hearsay. Fed. R. Evid. 801. | This passage states the content of a suggestion made by Tovar's partner. The passage is not hearsay, however, because it is offered to explain Tovar's actions, not for the truth of the content. Nothing from Roediger brief remarks is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *CalMat Co. v. U.S. Department of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay."); *Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924, 935 (9th Cir.), *amended on other grounds*, 313 F.3d 1093 (9th Cir. 2002) ("Out-of-court declarations introduced to show the effect on the listener are not hearsay."). |

## II. OBJECTIONS TO THE DECLARATION OF DANIEL N. BALLARD

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| First Declaration of Daniel N. Ballard in Opposition to Plaintiffs' Summary Judgment Motion, Exhibit 23A, Las Vegas Sun Column.<br><br>**OBJECTIONS:** Plaintiffs object to this exhibit as inadmissible hearsay. Fed. R. Evid. 801. Plaintiffs also object to this exhibit as it is irrelevant and lacks foundation. Fed. R. Evid. 401, 701. | The exhibit is not hearsay because it is not offered for the truth of the content. Fed. R. Evid. 801(c); *CalMat Co. v. U.S. Department of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay.").<br><br>The exhibit is relevant, as explained in the accompanying brief, and it has adequate foundation. Foundational requirements are "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). |
| Declaration of Daniel N. Ballard in Support of Defendant's Motion for Summary Judgment (Second Ballard Declaration), Exhibit 7, Complaint, *Park Place Entertainment Corp. v. Adrenaline Sports*, CV-S-03-1613-LDG-RJJ (Filed Dec. 24, 2003) ("Park Place Complaint").<br><br>**OBJECTIONS:** Plaintiffs object to the Park Place Complaint as irrelevant. Fed. R. Evid. 401. The Park Place Complaint is from an unrelated and previously settled action in which Plaintiffs were not parties. Because Defendants | The exhibit is relevant, as explained in the accompanying brief, and it has adequate foundation. Foundational requirements are "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).<br><br>The exhibit is not hearsay because it falls within the government records exception. Fed. R. Evid. 803(8). This exception applies if: (1) the person making the record observed the matters contained in the record firsthand pursuant to a |

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| use the Park Place Complaint as evidence of prior trademark use by Caesars, the statements in the Park Place Complaint also constitute inadmissible hearsay and lack foundation. Fed. R. Evid. 701, 801. *See also* Fed. R. Civ. P. 56(e) (stating that adverse party's motion for summary judgment may not rest on mere allegations in their pleadings). Defendants may thus not rely on mere hearsay allegations in unrelated third parties' pleadings. | duty imposed by law, (2) the record is prepared pursuant to a duty imposed by law, (3) third, the documents and surrounding circumstances indicate trustworthiness. As to the first, Rule 803(8) does not require a public official to make the record. *United States v. Central Gulf Lines, Inc.*, 747 F.2d 315, 319 (5th Cir. 1984). As to the second, trademark owners have a duty to enforce their marks or else their marks become abandoned. Third, Fed. R. Civ. Pro 11 obligates attorneys to plead only facts for which after investigation they a good faith belief.<br><br>In the alternative, the exhibit is not hearsay because it is being introduced only to establish that Park Place believed it had trademark rights in its WHIVSIV mark in October of 2002. |
| Second Ballard Declaration, Exhibit 8, Report and Recommendations to Board of Directors, Las Vegas Convention and Visitors Authority ("Report").<br><br>**OBJECTIONS:** Plaintiffs object to the Report as irrelevant. Fed. R. Evid. 401. The Report was prepared by LVCVA's attorneys as part of an unrelated investigation into matters not at issue in this action. The Report lacks foundation and was not properly authenticated. Fed. R. Evid. 701, 901. The statements in the Report also constitute inadmissible hearsay. Fed. R. Evid. 801. | Plaintiffs themselves admit that this Report was prepared by LVCVA's attorneys, so their own statement authenticates the Report and gives it sufficient foundation. The Report is not hearsay because it is an admission of a party opponent, prepared by a person authorized by the party to both make a statement concerning the subject and made by the party's agent or servant concerning a matter within the scope of the agency or employment and during the existence of that relationship. Fed. R. Evid. 801(d)(2)(C), (D). Statements by counsel such as this are routinely excepted from the definition of hearsay. *United States v. Bentson*, 947 F.2d 1353, 1356 (9th Cir. 1991), *cert. denied*, 504 U.S. 958 (1992); *United States v. Parsons*, 646 F.2d 1275, 1278 (8th Cir. 1981). Moreover, the admission may be used against R&R as well based on the close relationship between LVCVA and R&R. *In re Sunset Bay Associates*, 944 F.2d 1503, 1519-20 (9th Cir. 1991). |
| Second Ballard Declaration, Exhibit 12, Cease and Desist Letters ("Letters").<br><br>**OBJECTIONS:** Plaintiffs object to Letters as irrelevant. Fed. R. Evid. 401. Cease and desist letters sent to third parties are not probative of any fact that is relevant to this action. The letters also lack foundation and were not properly authenticated. Fed. R. Evid. 701, 901. Finally, the statements in the letters constitute inadmissible hearsay. Fed. R. Evid. 801. | Cease and desist letters sent to third parties are relevant in that they tend to show the purported scope of the property right Plaintiffs believe they have in their allegedly famous WHHSH mark.<br><br>The letters are properly authenticated and have sufficient foundation because Plaintiffs request that this enjoin Tovar from all uses of all marks in the "What Happens *** Stays ***" format.<br><br>The statements are not hearsay because they are not offered for the truth of the assertions |

MHA
Donough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| | contained therein, only that R&R was asserting the right to enforce the WHHSH mark against the recipients. Fed. R. Evid. 801(c). |
| Second Ballard Declaration, Exhibit 13, R&R's Oppositions to Trademark Applications ("Various Oppositions").<br><br>**OBJECTIONS:** Plaintiffs object to the Various Oppositions as irrelevant. Fed. R. Evid. 401. Defendants offer various oppositions to trademark applications which are not at issue in this case. R&R's opposition to other trademark applications is not probative of any fact that is relevant to this action. | R&R's oppositions to trademark applications are plainly relevant to establish that R&R had knowledge of trademark rules and procedures, of the application process and the need to register opposition to a trademark. Moreover, this Exhibit is relevant in that it shows that R&R has made false declarations to the Trademark Office which is directly relevant to Tovar's Unclean Hands defense. |
| Second Ballard Declaration, Exhibit 17, Extension of Time to Oppose the WHAT-HAPPENED.COM mark ("WHAT-HAPPENED.COM Extension").<br><br>**OBJECTIONS:** Plaintiffs object to WHAT-HAPPENED.COM Extension as irrelevant. Fed. R. Evid. 401. It is not probative of any fact that is relevant to this action. | The exhibit is relevant in that it establishes an instance in which R&R Partners assert potential rights in their WHHSH mark.<br><br>Moreover, this Exhibit is relevant in that it tends to show the purported scope of the property right Plaintiffs believe they have in their allegedly famous WHHSH mark. |
| Second Ballard Declaration, Exhibit 18, Fiesta Palms' Trademark Application.<br><br>**OBJECTIONS:** Plaintiffs object to Fiesta Palms' Application as irrelevant. Fed. R. Evid. 401. Fiesta Palms' trademark is not probative of any fact that is relevant to this action. | The exhibit is relevant in that it establishes that R&R Partners is selectively enforcing its WHHSH mark which is a fact to consider when evaluating Tovar's Unclean Hands defense. |
| Second Ballard Declaration, Exhibit 20, Opposition, US Patent and Trademark Office Before the Trademark Trial and Appeal Board, *Caesars Entertainment, Inc. et al v. Tovar* (Dec. 9, 2003) ("Caesars' Opposition").<br><br>**OBJECTIONS:** Plaintiffs object to the Caesars' Opposition as irrelevant. Fed. R. Evid. 401. The Caesars' Opposition provides an unrelated party's opposition to Ms. Tovar's trademark application and is not probative of any fact that relevant to this action. Plaintiffs were not parties to that litigation. Because Defendants use the Caesars' Opposition as evidence of prior trademark use by Caesars, the statements in the Park Place Complaint also | The Exhibit is relevant in that it establishes that Ceasers Entertainment believed it had trademark rights to the WHIVSIV slogan before Tovar's use of WHIVSIV and Plaintiffs use of WHHSH mark. This fact is relevant to the issue of likelihood of confusion in that consumers may have been exposed to the WHIVSIV slogan before Tovar's use and that prior exposure was the source of any association between WHIVSIV and The City of Las Vegas.<br><br>The statements are not hearsay because they are not offered for the truth of the specific points. Fed. R. Evid. 801(c). |

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| constitute inadmissible hearsay. Fed. R. Evid. 801. *See also* Fed. R. Civ. P. 56(e) (stating that adverse party's motion for summary judgment may not rest on mere allegations in their pleadings). Defendants may thus not rely on mere hearsay allegations in an unrelated third party's pleadings. | |

### III. OBJECTIONS TO THE DECLARATION OF HOWARD KATANO

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "I know that the phrase "What Happens In Vegas Stays In Vegas" has been used before December, 2002. I first heard the phrase used in conversations among Ms. Tovar and her friends sometime during the end of 2000 or the beginning of 2001." Second Ballard Declaration, Exhibit 21, Declaration of Howard Katano in Support of Defendant's Motion for Summary Judgment (Katano Declaration) ¶ 5.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Katano's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Katano refers to out-of-court conversations between Ms. Tovar and unidentified friends. Plaintiffs also object to Mr. Katano's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Katano's personal knowledge. Fed. R. Evid. 602, 701; *U.S. v. Dotson*, 799 F.2d 189, 192-93 (5th Cir. 1986) ("An opinion, or indeed any form of testimony, without the underlying facts, may be excluded if it amounts to no more than a conclusory observation."). Mr. Katano has no personal knowledge of conversations which took place between Ms. Tovar and her friends. He also reaches conclusions without providing any supporting evidence. *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995) (declarations based on information and belief are entitled to no weight because declarant lacks adequate personal knowledge). | This passage in Katano's declaration is not hearsay because the conversation described is not offered for the truth of the proposition—that what happens in Vegas actually stays in Vegas—but for the fact of the use of the phrase in late 2000 or early 2001. As a result, there is no hearsay here. Fed. R. Evid. 801(c); *CalMat Co. v. U.S. Department of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay.").<br><br>The passage is plainly not speculative, conclusory, lacking foundation, or beyond Katano's personal knowledge. He is relating specific events he observed with his senses.<br><br>The passage is not inadmissible opinion testimony because there is no opinion stated.<br><br>Plaintiffs' assertion that Katano lacks personal knowledge is refuted by his express declaration "I first heard the phrase ..." reflecting his actual knowledge. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000).<br><br>The only conclusion, that the phrase was used before December 2002, is specifically and directly supported by the next sentence, stating that he first heard the phrase in late 2000 or early 2001. The supporting evidence is immediately provided.<br><br>There is simply no statement in this passage made on information and belief. |



909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "The phrase is used to convey a "fun and let everything go" attitude while in Las Vegas. I understand the slogan to mean that all actions taken while in Las Vegas can be easily walked away from, without the worry of them catching up with you. These actions might be actions that someone would normally not do, but since they are surrounded in the presence of the "fun and let everything go" atmosphere of Las Vegas, they take them." Katano Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Katano's testimony as inadmissible hearsay. Fed. R. Evid. 801. Plaintiffs also object to Mr. Katano's testimony as irrelevant, speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Katano's personal knowledge. Fed. R. Evid. 401, 602, 701; *US. v. Dotson*, 799 F.2d 189, 192-93 (5th Cir. 1986) ("An opinion, or indeed any form of testimony, without the underlying facts, may be excluded if it amounts to no more than a conclusory observation."). Mr. Katano reaches conclusions without providing any supporting evidence. | Again, there is no out-of-court statement offered for its truth in this passage, so there is no hearsay. Fed. R. Evid. 801(c).<br><br>The passage itself supplies the foundation, as Katano is stating his understanding of the phrase at issue.<br><br>Federal Rule of Evidence 701 expressly permits opinion testimony by lay witnesses when the opinions or inferences are "rationally based on the perception of the witness," helpful to a clear understanding of the testimony or the determination of a fact in issue, and not based on scientific, technical or specialized knowledge for which expert testimony is required. E.g., *United States v. Sims*, 937 F.2d 459, 464-65 (9th Cir. 1991).<br><br>The underlying facts and supporting evidence that do not appear in this specific passage do appear in the remaining portions of the Katano Declaration or are apparent in the content of the statements affirmatively made. |
| "I had many conversations with Ms. Tovar about the "What Happens In Vegas Stays In Vegas" phrase before December, 2002. In our conversations, I noted that if the slogan was not yet federally protected as a trademark that she ought to apply for that protection so she could pursue a "What Happens In Vegas Stays In Vegas" clothing product line." Katano Declaration ¶ 7.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Katano's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Katano refers to unspecified out-of-court conversations with Ms. Tovar. Plaintiffs also object to Mr. Katano's testimony as irrelevant, speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Katano's knowledge. Fed. R. Evid. 401, 602, 701. Plaintiffs also object to Mr. Katano's testimony as it purports to provide an inadmissible legal conclusion. Fed. R. Evid. 602, 701. | There is no hearsay in this passage. Katano states the contents of certain remarks he himself made, not the contents of statements by third parties. Fed. R. Evid. 801(c). The fact that conversations occurred is not hearsay.<br><br>The passage is relevant, reflecting notice and knowledge before December 2002 as well as the fact that the phrase existed before December 2002.<br><br>Nothing is speculative, conclusory, lacking in foundation or beyond Katano's personal knowledge. He is, in fact, stating his personal knowledge. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000) There is no inadmissible opinion, because the test for opinion testimony by lay witnesses is fully satisfied. Fed. R. Evid. 701. |

909539v2 32136/0009

## IV.  OBJECTIONS TO THE DECLARATION OF DENNIS ROEDIGER

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "Upon returning, she commonly used the phrase "What Happens In Vegas Stays In Vegas" with her friends and family. The phrase became very popular, and anytime a trip to Las Vegas was coming up or had just ended, Ms. Tovar used the phrase in conversations with her friends." Declaration of Dennis Roediger in Support of Defendant's Motion for Summary Judgment (Roediger Declaration) ¶ 5.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Roediger's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Roediger refers to out-of-court conversations. Plaintiffs also object to Mr. Roediger's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Roediger's personal knowledge. Fed. R. Evid. 602, 701. Mr. Roediger has no personal knowledge of conversations that took place between Ms. Tovar and her friends and family. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Roediger's personal knowledge. He is recounting conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000).<br><br>Roediger was Tovar's life partner during the relevant time period; he had ample opportunities to observe her and hear her remarks to others. |
| "In the summer of 2002 Ms. Tovar approached me regarding the creation of a clothing line bearing the phrase "What Happens In Vegas Stays In Vegas." Roediger Declaration ¶ 6.<br>**OBJECTIONS:** Plaintiffs object to Mr. Roediger's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Roediger refers to out-of-court conversations. | This passage contains no hearsay because it does not contain an oral or written assertion. Fed. R. Evid. 801(a). |
| "I suggested we put the idea off because, at the time, taking on an entire new product line was not a good idea. The Pure Pleasures products were just beginning to become successful, and I was certain that if the company created a new product line, Ms. Tovar would devote all of her energy and time to the new line and would not have time for our existing products." Roediger Declaration ¶ 7.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Roediger's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Roediger refers to out-of-court conversations. Plaintiffs also object to Mr. Roediger's testimony as lacking foundation and irrelevant. Fed. R. Evid. 401, 701. | This passage contains no hearsay. Roedinger is the declarant stating the content of a prior statement. Fed. R. Evid. 801(d)(1)(B).<br><br>The passage is plainly not lacking foundation given that Roediger is recounting personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

MHA
Donough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "Occasionally she would bring up the idea of the product line bearing 'What Happens In Vegas Stays In Vegas,' but my opinion never changed, as I thought we should continue to focus on our existing business and not add an entire new line." Roediger Declaration ¶ 8.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Roediger's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Roediger refers to out-of-court conversations. Plaintiffs also object to Mr. Roediger's testimony as lacking foundation and irrelevant. Fed. R. Evid. 401, 701. | The passage contains no out-of-court statement by Tovar or another person that is offered for its truth. Fed. R. Evid. 801(c). As a result, there is no hearsay.<br><br>The passage itself, and the remaining paragraphs in the declaration, contain ample foundation for the statement and for its relevance. |
| "I learned that Ms. Tovar filed a trademark application to register the phrase 'What Happens In Vegas Stays In Vegas' after initially approaching me with the product line idea. She told me she would take the initial steps to create the line ..." Roediger Declaration ¶ 9.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Roediger's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Roediger refers to out-of-court conversations. Plaintiffs also object to Mr. Roediger's testimony as irrelevant. Fed. R. Evid. 401. Mr. Roediger's knowledge of Ms. Tovar's application is not relevant to any of the claims or defenses at issue in this case. | Again, there is simply no out-of-court statement offered for its truth, so there is no hearsay. Fed. R. Evid. 801(c). |

### V. OBJECTIONS TO THE DECLARATION OF PAUL GUARDINO

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "I have heard Ms. Tovar and her friends use the slogan "What Happens in Vegas Stays in Vegas" on numerous occasions before December, 2002. Specifically, I have heard the phrase used by them when responding to questions about the on-goings of their trips to Las Vegas." Declaration of Paul Guardino in Support of Defendant's Motion for Summary Judgment (Guardino Declaration) ¶ 5.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Guardino's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Guardino | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *CalMat Co. v. U.S. Department of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004) ("If the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay.").<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or |

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| refers to out-of-court conversations with Ms. Tovar and other unidentified friends. Plaintiffs also object to Mr. Guardino's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Guardino's personal knowledge. Fed. R. Evid. 602, 701. | beyond Guardino's personal knowledge. He is recounting conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |
| "I have also used the phrase "What Happens in Vegas Stays in Vegas" among my friends before December 2002. I've used the phrase in a joking manner to respond to friends' questions about my trips to Las Vegas. The phrase is a short-hand way to respond to inquiries about the details of the trip without getting into details that occurred during the trip. I have also heard my friends use the phrase in the same way before December, 2002." Guardino Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Guardino's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Guardino refers to out-of-court conversations between himself and unidentified friends that took place at unspecified times. Plaintiffs also object to Mr. Guardino's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Guardino's personal knowledge. Fed. R. Evid. 602, 701. Finally, Plaintiffs object to Mr. Guardino's testimony as irrelevant. Fed. R. Evid. 401. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Guardino's personal knowledge. He is recounting his personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

## VI. OBJECTIONS TO THE DECLARATION OF DAN ORPHAN

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "I have used and have heard the phrase "What Happens In Vegas Stays In Vegas" used by my friends before December, 2002. My friends and I often used the slogan when we were out at bars and someone did something crazy in our group. Using the phrase was a way to jokingly refer to something that occurred while not sharing the details of what occurred." Declaration of Dan Orphan in Support of Defendant's Motion for Summary Judgment (Orphan Declaration) ¶ 5. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Orphan's personal knowledge. He is recounting conclusions based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |


McDonough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| **OBJECTIONS:** Plaintiffs object to Mr. Orphan's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Orphan refers to out-of-court conversations with unidentified friends. Plaintiffs also object to Mr. Orphan's testimony as irrelevant. Fed. R. Evid. 401. | |
| "Although my friends and I commonly used the slogan "What Happens In Vegas Stays In Vegas" before December 2002 we have pretty much stopped using it now because of the trendiness it has achieved today." Orphan Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Orphan's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Orphan refers to out-of-court conversations with unidentified friends. Plaintiffs also object to Mr. Orphan's testimony as irrelevant, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Orphan's personal knowledge. Fed. R. Evid. 401, 602, 701. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Orphan's personal knowledge. He is recounting conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000) |

## VII. OBJECTIONS TO THE DECLARATION OF JERRY PLUTO

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "When I talked to Ms. Tovar while she was on these trips, it was common that I'd inquire about what she was doing or what was happening. Ms. Tovar began responding with "What Happens In Vegas Stays In Vegas," which was acceptable since we were divorced." Declaration of Jerry Pluto in Support of Defendant's Motion for Summary Judgment (Pluto Declaration) ¶ 5.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Pluto's testimony in as inadmissible hearsay. Fed. R. Evid. 801. Mr. Pluto refers to out-of-court conversations with Ms. Tovar. Plaintiffs also object to Mr. Pluto's testimony as irrelevant and lacking foundation because the time period is vague. Fed. R. Evid. 401, 701. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Pluto's personal knowledge. He is recounting his own observations and conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

MHA
Donough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "The phrase "What Happens In Vegas Stays In Vegas" became a common phrase between us and her friends from that point on, and I began using it when I took trips to Las Vegas with my friends and family." Pluto Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Pluto's testimony in as inadmissible hearsay. Fed. R. Evid. 801. Mr. Pluto refers to out-of-court conversations with Ms. Tovar and other unidentified friends. Plaintiffs also object to Mr. Pluto's testimony as irrelevant, speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Pluto's personal knowledge. Fed. R. Evid. 401, 602, 701. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Pluto's personal knowledge. He is recounting conclusions he personally reached based on personal observations and events or activities he engaged in. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |
| "The phrase "What Happens In Vegas Stays In Vegas" was routinely used by myself and my friends before December, 2002. We used it to reference trips taken to Las Vegas and to refer to previous trips. Using the phrase was a way to joke about our activities while not disclosing the details of those activities and to suggest that an upcoming trip to Las Vegas would be a wild adventure." Pluto Declaration ¶ 7.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Pluto's testimony in as inadmissible hearsay. Fed. R. Evid. 801. Mr. Pluto refers to unspecified out-of-court conversations with unidentified friends. Plaintiffs also object to Mr. Pluto's testimony as irrelevant, speculative, conclusory, lacking foundation, and because it is inadmissible opinion testimony. Fed. R. Evid. 401, 602, 701. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Pluto's personal knowledge. He is recounting conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |
| "When I hear the phrase "What Happens In Vegas Stays In Vegas" it brings to mind that Las Vegas is a top vacation destination, as well as a fun, wild, party environment. People go to Las Vegas because they want to let loose, they want to gamble, drink, or attend bachelor or bachelorette parties. People go to Las Vegas because they want to get away from their day-to-day routines. They want to do things they have never done before. I believe the slogan means what people do in Las Vegas is their own business and concern. Las Vegas is set up to be a playground for adults, so why not enjoy its aspects." Pluto Declaration ¶ 8. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Pluto's personal knowledge. He is recounting conclusions he personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| **OBJECTIONS:** Plaintiffs object to Mr. Pluto's testimony in as inadmissible hearsay. Fed. R. Evid. 801. Plaintiffs also object to Mr. Pluto's testimony as irrelevant, speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Pluto's personal knowledge. Fed. R. Evid. 401, 602, 701. Mr. Pluto reaches conclusions about people's reasons for traveling to Las Vegas without providing any supporting evidence. | |

## VIII. OBJECTIONS TO THE DECLARATION OF CAMERON TOVAR

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "I know that the slogan "What Happens in Vegas Stays in Vegas" has been used before December, 2002. After I moved to Oxnard, California in 1998, Ms. Tovar used to come and visit me regularly. When we went out to clubs and bars, we commonly used the phrase "What Happens In Vegas Stays In Vegas" as a way to say that we were not going to share the details of our adventures." Declaration of Cameron Tovar in Support of Defendant's Motion for Summary Judgment (Cameron Tovar Declaration) ¶4.<br><br>**OBJECTIONS:** Plaintiffs object to Ms. Tovar's testimony as inadmissible hearsay. Fed. R. Evid. 801. Ms. Tovar refers to out-of-court conversations with her cousin and unidentified others. Plaintiffs also object to Ms. Tovar's testimony as irrelevant, conclusory, and lacking foundation and/or personal knowledge. Fed. R. Evid. 401, 602, 701; *Bank Melli*, 58 F.3d at 1412-13 (declarations based on information and belief are entitled to no weight because declarant lacks adequate personal knowledge). | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Cameron Tovar's personal knowledge. She is recounting events she personally observed or participated in. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |
| "The phrase is one that our friends and family have regularly used when referring to local outings we engaged in. "What Happens in Vegas Stays in Vegas" is a phrase that I have used on a regular basis since Ms. Tovar introduced the slogan to me back in 1998." Cameron Tovar Declaration ¶ 5. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Cameron Tovar's personal knowledge. |

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| **OBJECTIONS:** Plaintiffs object to Ms. Tovar's testimony as inadmissible hearsay. Fed. R. Evid. 801. Ms. Tovar refers to out-of-court conversations with her cousin and unidentified others. Plaintiffs object to Ms. Tovar's testimony as irrelevant, conclusory, and lacking foundation and/or personal knowledge. Fed. R. Evid. 401, 602, 701. | She is recounting events she personally observed and words she herself has spoken. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |
| "I believe the slogan "What Happens In Vegas Stays In Vegas" portrays a girls night out scene, where nobody knows what happened, and nobody tells the details of the night. The only people who know about the on-goings of the outing are those that were involved." Cameron Tovar Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Ms. Tovar's testimony as irrelevant, speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Ms. Tovar's personal knowledge. Fed. R. Evid. 401, 602, 701; *Bank Melli*, 58 F.3d at 1412-13 (declarations based on information and belief are entitled to no weight because declarant lacks adequate personal knowledge). Ms. Tovar reaches conclusions about the meaning of the slogan without providing any supporting evidence. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Cameron Tovar's personal knowledge. She is recounting conclusions she personally reached based on personal observations. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

### IX. OBJECTIONS TO THE DECLARATION OF BRUCE GAST

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| "I know that Ms. Tovar and her friends used the phrase "What Happens in Vegas Stays in Vegas" before December 2002. They used the phrase in conversations where their trips to Las Vegas where mentioned (sic)." Declaration of Bruce Gast in Support of Defendant's Motion for Summary Judgment (Gast Declaration) ¶ 4.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Gast's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Gast refers to out-of-court conversations with Ms. Tovar and unidentified others.<br><br>Plaintiffs also object to Mr. Gast's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Gast's personal knowledge. He is recounting events he personally observed. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). |

MHA
McDonough Holland & Allen PC
Attorneys at Law

909539v2 32136/0009

| EVIDENCE AND OBJECTIONS | TOVAR'S RESPONSE |
|---|---|
| is beyond Mr. Gast's personal knowledge. Fed. R. Evid. 602, 701; *Bank Melli*, 58 F.3d at 1412-13 (declarations based on information and belief are entitled to no weight because declarant lacks adequate personal knowledge). Mr. Gast has no personal knowledge of conversations which took place between Ms. Tovar and her friends while on trips to Las Vegas. | |
| "I recall Ms. Tovar and her friends using the phrase back in 1997 or so when Ms. Tovar explored the idea of creating a clothing line using the slogan. From that time onward, it was a common phrase used and heard among our friends and family." Gast Declaration ¶ 5.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Gast's testimony as inadmissible hearsay. Fed. R. Evid. 801. Mr. Gast refers to out-of-court conversations with Ms. Tovar and unidentified others. Plaintiffs also object to Mr. Gast's testimony as speculative, conclusory, lacking foundation, inadmissible opinion testimony, and because it is beyond Mr. Gast's personal knowledge. Fed. R. Evid. 602, 701. Mr. Gast has no personal knowledge of conversations which took place between Ms. Tovar and her friends while on trips to Las Vegas. | This passage contains no hearsay because nothing is "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).<br><br>The use of the phrase and the timing of that use are not speculative, conclusory, lacking foundation, inadmissible opinion testimony, or beyond Gast's personal knowledge. *Stuart v. Unum Life Ins. Co. of America*, 217 F.3d 1145, 1154-55 (9th Cir. 2000). He is recounting events he personally observed. *Ostad v. Oregon Health Services University*, 327 F.3d 876, 886 (9th Cir. 2003) ("As long as he testified to his personally held beliefs and he was not discussing an out-of-court statement, Wheatley could testify regardless of what sources might have informed him."). |
| "Personally, I don't believe in the slogan "What Happens In Vegas Stays in Vegas" because it is my opinion that you cannot run away from your actions, however I am aware of the slogan and its implied meanings." Gast Declaration ¶ 6.<br><br>**OBJECTIONS:** Plaintiffs object to Mr. Gast's testimony as irrelevant. Fed. R. Evid. 401. | In the context of the remaining passages in the declaration, this statement is at least modestly relevant within the meaning of Federal Rules of Evidence. 401, 402. E.g., *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993) (Rule 401's relevance standard is "a liberal one"). |

DATED: March 21, 2006

McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law


By: /s/ Daniel N. Ballard
    DANIEL N. BALLARD

Attorneys for Dorothy Tovar and Adrenaline Sports, Inc



909539v2 32136/0009