UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| R&R PARTNERS, INC., a Nevada corporation, and LAS VEGAS CONVENTION AND VISITORS AUTHORITY, a Nevada governmental agency,<br><br>        Plaintiffs,<br><br>v.<br><br>DOROTHY TOVAR, an individual, and ADRENALINE SPORTS, INC., a California corporation,<br><br>        Defendants. | 03:04-CV-00145-LRH-PAL<br><br><u>ORDER</u> |

The present case is a trademark infringement action arising out of Defendants' use of the phrase "What Happens in Vegas Stays in Vegas" ("WHIVSIV"). On August 10, 2006, this court granted summary judgment in favor of Las Vegas Convention and Visitors Authority ("LVCVA"). On April 18, 2007, this court held a hearing regarding several outstanding issues in this case. Specifically, the court heard argument on the issues of damages, costs, and attorney's fees. Upon considering the points and authorities filed by the parties (## 171, 179), the arguments made on April 18, 2007, the relevant law and the record as a whole, the court makes the following disposition:

The prevailing party to a trademark infringement action is entitled, subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the

1  costs of the action. 15 U.S.C. § 1117(a). In exceptional cases, the court may award reasonable
2  attorneys fees to the prevailing party. *Id*. In the case at bar, LVCVA is seeking to recover profits
3  in the amount of $270,863 and damages in the amount of $40,629.45. In addition, LVCVA asks
4  the court for treble damages, and to award attorney's fees and costs. Defendants argue that
5  injunctive relief is the only appropriate remedy in this case. Additionally, Defendants argue that
6  LVCVA suffered no actual damages because LVCVA did not sell any goods affixed with any
7  mark.
8      A preliminary issue the court must resolve is whether a showing of willful infringement is a
9  prerequisite to a damages award. The Ninth Circuit has previously required a showing of willful
10 infringement as a prerequisite to recovery of an infringer's profits when the parties are not in direct
11 competition. *See Liddy Pen Co, Inc. v. Bic Pen Corp.*, 982 F.2d 1400,1406 (9th Cir. 1993).
12 However, a 1999 amendment to Section 1117 "replaced 'or a violation under section 43(a)' with 'a
13 violation under section 43(a), or a *willful* violation under section 43(c).'" *Banjo Buddies, Inc. v.
14 Renosky*, 399 F.3d 168, 174 (3d Cir. 2005) (quoting Pub.L. No. 106-43, § 3(b), 113 Stat. 219 (Aug.
15 5, 1999)). In *Banjo Buddies, Inc.*, the Third Circuit found that the 1999 amendment to Section
16 1117 "effectively superseded the willfulness requirement as applied to § 43(a)." 399 F.3d 168 (3d
17 Cir. 2005); *see also Quick Technologies, Inc. v. Safe Group PLC*, 313 F.3d 338 (5th Cir. 2003).
18 This court agrees. The plain language of this amendment indicates that Congress intended to
19 condition monetary awards for Section 43(c) violations on a finding of willfulness, but not Section
20 43(a) violations. *Id*.
21     LVCVA argues that it is entitled to an award of damages in the amount of $40,629.45.
22 "Royalties normally received for the use of a mark *may* be a proper measure, *if* that measure
23 comports with the equitable limitations of section 1117 and bears a rational relationship to the
24 rights appropriated." *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 920 (Fed. Cir.
25 1984); *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992). The
26

2

1  evidence in this case shows that Defendants' gross revenues amounted to $270,863 between April,
2  2003, and March, 2005.  (Decl. of Yoshiko Inoue (# 79), Dorothy Tovar's ("Tovar") Second
3  Supplemental Resp. to Interrogs. at 3.)  LVCVA has presented evidence that it could have
4  negotiated a royalty rate of fifteen percent on the sales of apparel intended to be branded with the
5  WHHSH mark.  (Decl. of Robert Dondero (# 176) ¶¶ 4, 7, 13.)  The court accepts this as a
6  reasonable royalty rate and finds that reasonable royalties is an appropriate measure of LVCVA's
7  damages in this case.  Therefore, the court concludes that LVCVA is entitled to $40,629.45.  In
8  addition, the court finds that this number is inadequate compensation in light of the fact that gross
9  revenue is only calculated through March, 2005, and that Defendants' gross revenues from sales
10 through that period totaled $270,863.  Thus, the court will double this figure and award LVCVA
11 $81,258.90 in damages.

12     With respect to Defendants profits, LVCVA argues that the court should award it $270,863.
13 "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must
14 prove all elements of cost or deduction claimed."  15 U.S.C. § 1117.  As previously mentioned,
15 LVCVA has provided evidence of Defendants' sales in the amount of $270,863.  Nevertheless,
16 Defendants, relying on the expert report of Dr. Stephen A. Degnan, argue that Defendants had no
17 profits from the infringement.  The court finds the expert report of Dr. Degnan inadmissible as it
18 has not been properly authenticated.  Furthermore, the court expresses doubt as to whether Dr.
19 Degnan's report is the product of reliable principles and methods that have been applied reliably to
20 the facts of this case.  Regardless, the court declines to award LVCVA Defendants' profits as the
21 court finds that the doubled damages awarded through this order are sufficient to fully compensate
22 LVCVA and to remove any incentive for trademark infringement.

23     With respect to attorney's fees, the court may award such fees in exceptional cases.  15
24 U.S.C. § 1117.  "While the term 'exceptional' is not defined in the statute, generally a trademark
25 case is exceptional for purposes of an award of attorney's fees when the infringement is malicious,
26

1  fraudulent, deliberate or willful." *Lindy Pen Co.*, 982 F.2d at 1409 (citing *Sealy, Inc. v. Easy*
2  *Living, Inc.*, 743 F.2d 1378, 1384 (9th Cir. 1984)).  In this case, there is insufficient evidence for
3  the court to conclude that Tovar's infringement was malicious, fraudulent, deliberate or willful.
4  The evidence in this case showed that Tovar federally registered her infringing mark.  Defendants
5  have further provided evidence that LVCVA did not oppose Tovar's applications for registration.
6  *See* (Decl. of Michael S. Wilcox (# 180), Exs. 2, 3.)  In light of this evidence, it is possible that
7  Tovar could have believed that her use of the infringing mark was proper.  Therefore, the court
8  finds that this is not an exceptional case warranting an award of attorney's fees.
9       Finally, LVCVA seeks an award of $33,228.32 for expenses incurred during this lawsuit.
10  Section 1117(a) permits an award of the costs of the action.  15 U.S.C. § 1117(a).  Defendants
11  argue that it would be inequitable to shift LVCVA's litigation costs to Tovar.  The court disagrees
12  and finds that LVCVA has provided sufficient evidence to support an award of costs in the amount
13  of $33,228.32 and that this amount is reasonable in this case.  *See* (Decl. of C. James Georgeson (#
14  173) ¶¶ 2, 13); (Decl. of Gregory P. Dresser (# 172) ¶16.)
15      IT IS THEREFORE ORDERED that LVCVA is awarded damages in the amount of
16  $81,258.90, and costs in the amount of $33,228.32.  Pursuant to 28 U.S.C. § 1961, LVCVA is
17  awarded post-judgment interest at the rate of 4.93% per annum until the judgment is satisfied.
18      IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1116, Defendants, their
19  successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone
20  acting in concert with or at the behest or direction of Defendants, jointly and severally, are hereby
21  PERMANENTLY ENJOINED AND RESTRAINED from the following:
22     (a) Distributing, displaying, marketing, promoting, offering for sale, and/or selling any
23  goods or services using the What Happens in Vegas Stays in Vegas mark, including any similar
24  phrase linking Defendants to any gaming and tourism location or activity;
25     (b) Affixing the WHIVSIV mark on any products, promotional materials, advertisements,
26

4

1  point of sale materials, signage or other materials containing or incorporating the WHIVSIV mark,
2  or any other similar name, mark, or designation linking Defendants to any gaming and tourism
3  location or activity;
4      (c) Disseminating any products, promotional materials, advertisements, point of sale
5  materials, signage or other materials containing or incorporating the WHIVSIV mark, or any other
6  similar name, mark, or designation linking Defendants to any gaming and tourism location or
7  activity;
8      (d) Representing directly or indirectly in any form or manner whatsoever, that Defendants'
9  products or services are in fact the same as or related to any services or products of LVCVA, or are
10 in any manner associated with, sponsored, or approved by LVCVA, or taking any action likely to
11 cause confusion, mistake or deception on the part of purchasers as to the source, origin,
12 sponsorship, approval or affiliation of Defendants' products or service or LVCVA's services and
13 products;
14     (e) Registering domain names which include the WHIVSIV mark, or any variation linking
15 Defendants to any gaming and tourism location or activity; and
16     (f) Registering and/or applying for any trademark registration for the WHIVSIV mark, or
17 any similar variation linking Defendants to any gaming and tourism location or activity.
18     IT IS FURTHER ORDERED that, within thirty (30) days of the date this Order becomes
19 effective, Defendants their successors, officers, parents, subsidiaries, affiliates, agents, assigns and
20 employees, and anyone acting in concert with or at the behest or direction of Defendants, shall
21 recall and/or remove from all retailers, including online retailers, all products, promotional
22 materials, advertisements, point of sale materials, signage or other materials containing or
23 incorporating any WHIVSIV mark, or any other similar designation linking Defendants to any
24 gaming and tourism location or activity.
25     IT IS FURTHER ORDERED that, within thirty (30) days of the date this Order becomes
26

effective, Defendants shall provide written confirmation to counsel for LVCVA that neither they nor their successors, officers, parents, subsidiaries, affiliates, agents assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, are displaying the WHIVSIV mark.  This includes displays of the WHIVSIV mark on any medium, including automobiles.

IT IS FURTHER ORDERED that, within thirty (30) days of the date this Order becomes effective, Defendants submit all necessary papers to complete a transfer of all domain names which include the WHIVSIV mark, or any variation thereof, to LVCVA.

IT IS FURTHER ORDERED that, within thirty (30) days of the date this Order becomes effective, Defendant Dorothy Tovar ("Tovar") shall expressly abandon applications to register the WHIVSIV mark filed after the instant action as follows: Application Serial Nos. 78/869,270, 78/869,267, 78/869,265, 78/869,261, 78/869,257, and 78/869,232.

IT IS FURTHER ORDERED that, within thirty (30) days of the date this Order becomes effective, Defendants, their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, shall expressly abandon all other federal or state applications to register the WHIVSIV mark, if any.

IT IS FURTHER ORDERED that Defendants' Counterclaims, dated August 17, 2005, are hereby DISMISSED.

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. §§ 1119 add 1052(d), Federal Registration Nos. 2,930,998 and 2,986,162 are hereby CANCELLED, and Application Serial Nos. 78/453,025, 78/231,585, 78/398,294, 78/398,277, and 78/311,277 are hereby deemed ABANDONED based on the finding that Tovar does not have the right to register the WHIVSIV mark.  In addition, Tovar's state trademark registrations for the WHIVSIV mark in Nevada, California, and any other state in which Tovar may have such registration, are hereby CANCELLED.  The court is currently aware of at least one Nevada state registration, issued April

6

22, 2003, and one California state registration, No. 110197.

The court shall retain jurisdiction over the parties and the subject matter of this action for the purpose of construing and enforcing this Permanent Injunction. Any act in violation of any terms of this injunction may be considered and prosecuted as contempt of this court.

The parties shall contact this court's courtroom administrator, Rosemarie Miller, at 775-686-5829 to schedule a telephonic hearing regarding whether any portion of this order shall be stayed pending any appeal that may occur in this case. This order shall not become effective until the conclusion of such hearing.

IT IS SO ORDERED.

DATED this 23rd day of April, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7